IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMANDA DUREN,                              *
                                           *
       Plaintiff,                          *
                                           *
v.                                         *    1:19-CV-01512-ELR
                                           *
INTERNATIONAL FOLLIES, INC.                *
d/b/a CHEETAH and                          *
JACK BRAGLIA,                              *
                                           *
       Defendants.                         *
                                           *

_____

**O R D E R**
_____

Presently before the Court are two separate Consolidated/Joint Discovery Statements. [Docs. 52, 56]. The Court's rulings are set out below.

**I.    Background**

On April 4, 2019, Plaintiff Amanda Duren filed this case against Defendants International Follies, Inc. d/b/a Cheetah and Jack Braglia for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Compl. ¶¶ 1-7 [Doc. 1]. Plaintiff's Complaint alleges that Defendants violated the FLSA by failing to pay minimum wage, failing to pay overtime wages, and by requiring Plaintiff to participate in an unlawful tip pool. Id. Defendants' Answer denies any wrongdoing,

but their eleventh affirmative defense also stresses that any actions taken by Defendants were in good faith. Answer at 3 [Doc. 6]. Defendants emphasize that they had reasonable grounds for believing their actions with regard to Plaintiff's employment complied with the law because they relied on the advice of their previous counsel, Ford Harrison. [Docs. 6 at 3; 56-4 at 17].

Presently before the Court are two (2) Consolidated/Joint Discovery Statements ("Consolidated Statements"). [Docs. 52, 56]. Within these two (2) Consolidated Statements, the Parties bring three (3) discovery disputes to the Court's attention. After a thorough examination of both Consolidated Statements, the Court's findings are set forth below.

## II.   Discovery Issue No. 1: Implied Waiver of Attorney-Client Privilege

The first discovery issue concerns any potential advice Defendants received from their current litigation counsel, Schulten Ward Turner & Weiss, LLP ("SWTW"), about Defendants' tip policy. In her Complaint, Plaintiff contends that during her employment at the Cheetah, Defendants required her to participate in an unlawful tip pool. Compl. at 2. As noted above, Defendants maintain they relied on advice from their previous counsel, Ford Harrison, in creating their tip pool and tip credit policies; however, Plaintiff now seeks information about any advice Defendants received from their current counsel, SWTW, about the creation and maintenance of the tip pool. [Doc. 56 at 1].

Defendants object to Plaintiff's request, arguing that their communications with their current counsel are protected by attorney-client privilege and the work-product doctrine. [Id. at 5-7, 9-10]. Defendants further contend that Plaintiff's request is improper because Defendants' good faith defense is based on legal advice from former counsel, Ford Harrison, not on legal advice from current counsel, SWTW. [Id. at 6]. Because they have already produced communications from Ford Harrison, Defendants contend Plaintiff has not demonstrated any prejudice or a substantial need sufficient to overcome these protections as they relate to their communications with current counsel. [Id.]

Despite Defendants' assertion of attorney-client privilege and work product, Plaintiff maintains that the information she seeks is nevertheless discoverable. Plaintiff contends that by raising the good faith defense, Defendants have impliedly waived attorney-client privilege as it relates to their tip policy. [Doc. 56 at 1-2]. Plaintiff further asserts that this waiver is broad and applies to both former counsel, Ford Harrison, and current counsel, SWTW. In essence, because Defendants' good faith defense is based on the advice of legal counsel, Plaintiff asserts that she is entitled to know how Defendants relied on both their current and former counsel's advice in maintaining their tip pool. [Id. at 1-4]. Therefore, Plaintiff seeks to re-

depose Defendants' corporate representative, Jack Braglia, and compel Defendants to produce any privileged documents related to the tip policy.[1] [Id. at 5].

After careful review, the Court agrees with Plaintiff that her request is relevant and within the scope of discovery. "Attorney-client privilege is held by the client and can waived expressly or impliedly." Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1419 (11th Cir. 1994). However, privilege is meant to be a shield, not a sword; thus, a defendant may not use attorney-client privilege to prejudice his opponent for some self-serving purpose. Id.

The Eleventh Circuit has held that attorney-client privilege is impliedly waived when "a client asserts reliance on an attorney's advice as an element of a claim or defense." Id. at 1418. In Cox, the court examined whether the defendant waived attorney-client privilege by raising a good faith defense that it was acting lawfully. Id. at 1417-19. Ultimately, the court ruled that "attorney-client privilege is waived when a litigant places information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against the disclosure of such information *would be manifestly unfair* to the opposing party." Id. at 1417 (quoting Conkling v. Turner, 883 F.2d 431, 434 (5th Cir. 1989)) (emphasis in original). Thus, when a defendant goes beyond denial and injects "a new factual or

---

[1] In his first deposition, Jack Braglia did not answer questions on any advice Defendants received from SWTW about Cheetah's tip pool policies because he invoked attorney-client privilege. [Doc. 56-3 at 4-6].

4

legal issue into the case," the defendant waives his right to assert the privilege to prevent disclosure. Id. at 1419 (citing Lorenz v. Valley Forge Ins. Co., 815 F.2d 1095, 1098 (7th Cir. 1987)).

Here, by asserting the good faith defense and indicating that they relied on the advice of counsel, Defendants have "injected the issue of knowledge of law into the case;" therefore, they have waived attorney-client privilege as to this issue. Id. Although Defendants maintain they did not receive the advice of current litigation counsel SWTW in reference to their tip pool, there is evidence on the record to demonstrate otherwise. For example, during the deposition of International Follies' corporate representative, Jack Braglia, defense counsel invoked attorney-client privilege and instructed Braglia to not answer several questions regarding the existence of any advice Defendants received from SWTW related to the tip pool and tip-credit provisions of the FLSA.[2] [See Doc. 56-3 at 4-6].

Further, the fact that Defendants disclaim reliance on counsel's advice is not dispositive. Multiple decisions in this and other circuits have held that even in situations where the defendant disclaims reliance on counsel's advice, attorney-client privilege may be impliedly waived in situations where the "legal advice that the

---

[2] Some of these questions include: (1) "Have you ever received advice from any attorneys at Schulten Ward and Turner about Cheetah's tip credit policies?"; (2) Have you received any advice from any of the attorneys at Schulten Ward and Turner about the notice requirements of the tip credit provisions of the FLSA?" [Doc. 56-3 at 4-5].

5

defendant received may well demonstrate the [truth or] falsity of its claim of good faith belief." Scott v. Chipotle Mexican Grill, Inc., 67 F. Supp. 3d 607, 616 (S.D.N.Y. 2014); see Inmuno Vital, Inc. v. Telemundo Grp., Inc., 203 F.R.D. 561, 564 (S.D. Fla. 2001) (stating "when the advice of counsel defense is raised, the party raising the defense must permit discovery of *any and all legal advice* rendered on the disputed issue," including advice from any other counsel) (emphasis added).[3] Here, because Defendants stated they had reasonable grounds for believing their actions complied with the FLSA, they made their knowledge of how the law applied an issue. See Maar v. Beall's Inc., 237 F. Supp. 3d 1336, 1340 (S.D. Fla. 2017) ("It is the articulation of a claim or defense explicitly *relying* on the litigant's subjective thinking, as potentially influenced by advice from legal counsel, that activates the doctrine of implied waiver.") (emphasis in original). Consequently, Defendants cannot now withhold evidence pursuant to attorney-client privilege on that issue. Cox, 17 F.3d at 1417.

Accordingly, the Court **ORDERS** that Defendant International Follies' corporate representative be re-deposed on any advice received by SWTW related to Defendants' tip pool and tip credit policies. Further, the Court **ORDERS** Defendants to produce all documents on its privilege log related to tip-pooling.

---

[3] See also Holdren v. Trop Inc., No. 1:18-CV-2833-MLB, slip op. at 2-3 (N.D. Ga. Aug. 15, 2019) (finding that attorney-client privilege was waived even when defendants disclaimed relying on advice of defense counsel to support their good faith defense).

### III.   Discovery Issue No. 2: Refusal to Produce a Privilege Log

The second discovery dispute concerns Plaintiff's requests for production and Defendants' purported refusal to produce a privilege log.  From what the Court can glean, Plaintiff finds Defendants' use of general objections to prevent the disclosure of documents to be improper.  [Doc. 56 at 11].  Plaintiff alleges that Defendants' failure "to timely *articulate* and *support* privilege objections results in a waiver." Id. (emphasis in original).  As a result, Plaintiff contends that Defendants must "produce *all* documents withheld from production pursuant to a claim of privilege or work product." [Id.] (emphasis added).

Upon review, the Court declines to order production of all documents due to Defendants' alleged tardiness.  As noted above, Defendants must produce documents related to the tip pool, and Plaintiff may only seek information related to advice provided by counsel on any tip policies.  The Court will not order Defendants to produce all privileged documents simply because Plaintiff alleges impropriety.[4] See Upjohn Co. v. United States, 449 U.S. 383, 389-90 (1981) (emphasizing the value of attorney-client privilege, even when the client is a corporation).  Therefore, the Court **DENIES** Plaintiff's request for all privileged documents, notwithstanding the Court's instructions above.

---

[4] Further, it appears that any alleged delay in producing a privilege log did not prejudice Plaintiff in any way.

7

## IV. Discovery Issue No. 3: Non-party SWTW's Refusal to Produce Documents

The final issue relates to a subpoena sent to defense counsel SWTW by Plaintiff for documents related to tip-pooling. [Doc. 52].[5] SWTW and Defendants have objected to any requests for documents related to tip pooling, invoking attorney-client privilege, work product, and the duty of confidentiality under Georgia Rule of Professional Conduct 1.6. [Id. at 3]. However, the Court has already addressed those concerns earlier in its analysis of Defendants' implied waiver. For the reasons stated above, this Court finds that an implied waiver of attorney-client privilege occurred. Thus, the Court **ORDERS** non-party SWTW to comply with a subpoena for documents concerning Defendants' tip-pool policies.

## V. Conclusion

For the foregoing reasons, the Court **DIRECTS** the Parties to comply with the instructions herein regarding their discovery disputes. [Docs. 52, 56]. Because discovery in this case ended on October 16, 2019, while the Parties' Consolidated

---

[5] The Court notes that the Parties did not follow the correct procedure to raise this issue. The filing of a Joint/Consolidated Discovery Statement is for any discovery disputes between the *Parties*, not between a Party and non-party. [See Doc. 4 at 3]. However, due to the intertwined nature of Defendants and the non-party's interests, the Court will issue a ruling on this matter. For future reference, the Court notes that the proper procedure for raising this kind of issue is set forth in Federal Rule of Civil Procedure 45. See FED. R. CIV. P. 45(d)(2)(B)(i) (stating that upon receiving a proper written objection to a subpoena, the serving party may file a motion to compel); FED. R. CIV. P. 45(d)(3)(A) (stating that on a timely motion to quash, the district court must quash any subpoena requiring disclosure of "privileged or other protected matter, if no exception or waiver applies").

8

Statements were under review, the Court extends discovery thirty (30) days from the date of entry of this order.

**SO ORDERED**, this 25th day of October, 2019.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia