## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

AMANDA DUREN,

    Plaintiff,

v.

INTERNATIONAL FOLLIES, INC. d/b/a
CHEETAH and JACK BRAGLIA,

    Defendants.

CIVIL ACTION FILE NO.
1:19-cv-01512-ELR

## DEFENDANTS' FIRST AMENDED ANSWER & AFFIRMATIVE DEFENSES

COME NOW, Defendants International Follies, Inc. d/b/a The Cheetah ("The Cheetah") and Jack Braglia ("Braglia") (together, "Defendants"), in the above-styled matter, and hereby submit their First Amended Answer & Affirmative Defenses ("Amended Answer") as follows:

Defendants amend their Answer & Affirmative Defenses by withdrawing their Seventh Defense (which was verbally withdrawn at the deposition of Jack Braglia on August 23, 2019) and replacing the Eleventh Defense as set forth herein. There are no other changes to the Answer & Affirmative Defenses.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## Second Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, and those claims must be dismissed.

## Third Defense

Plaintiff's claims for unlawful taking of tips is barred to the extent she relies on TIPA, which was enacted on March 23, 2018, and most of her claims preexist said date.

## Fourth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, and those claims must be dismissed.

## Fifth Defense

To the extent Plaintiff's claims are barred by her failure to satisfy any jurisdictional prerequisites or conditions precedent to asserting such claims, those claims must be dismissed.

## Sixth Defense

To the extent that this Court lacks subject matter jurisdiction over Plaintiff's claims, those claims must be dismissed.

**Seventh Defense**

[Intentionally omitted].

**Eighth Defense**

Defendants invoke the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA").

**Ninth Defense**

Plaintiffs' claims for misclassification are barred to the extent that Plaintiff was not an "employee" of Defendants under the FLSA, and Defendants were not, during any relevant time, "employers" under the FLSA with regard to Plaintiff.

**Tenth Defense**

Defendants did not act knowingly, intentionally, recklessly, or with malice to deprive Plaintiff of any federally protected rights.

**Eleventh Defense**

Defendants acted in good faith and had reasonable grounds for believing their actions with regard to Plaintiff were in compliance with the FLSA based on the advice received from counsel, Ford & Harrison, regarding reclassifying The Cheetah's entertainers as employees in April 2016, The Cheetah's payment to the entertainers of $2.13 per hour plus tips, utilizing the tip credit provisions of the FLSA, and The Cheetah's implementation of its entertainer tip pool.

**Twelfth Defense**

Plaintiff seeks recovery for time which is not compensable, *i.e.* not "hours worked" under the FLSA, such that Plaintiff is barred from such recovery.

**Thirteenth Defense**

Plaintiff seeks damages that are not recoverable under the FLSA, such that Plaintiff is barred from such recovery.

**Fourteenth Defense**

Plaintiff seeks to recover for time for *de minimis* work time that is not recoverable under the FLSA, such that Plaintiff is barred from such recovery.

**Fifteenth Defense**

Plaintiff's claims are barred as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to Plaintiff's principal activities.

**Sixteenth Defense**

Plaintiff received service charges that satisfied any monetary requirements of the FLSA in accordance with the FLSA and 29 C.F.R. § 531.55.

**Seventeenth Defense**

Because the Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this action. Defendants reserve

the right to assert further defenses as they become evident through discovery or investigation.

## ANSWER TO COMPLAINT

Defendants respond to the individually numbered Paragraphs of the Complaint as follows:

1. Defendants admit only that Plaintiff worked at The Cheetah as an entertainer from August of 2015 through October 29, 2017 and from January 2, 2018 through August 20, 2018. Any remaining allegations of this Paragraph are denied.

2. Defendants admit this Paragraph.

3. Defendants admit that Braglia is the general manager and an owner of The Cheetah. All remaining allegations of this Paragraph are denied.

4. Defendants deny this Paragraph.

5. Defendants deny this Paragraph.

6. Defendants deny this Paragraph.

7. Defendants deny the first portion of this Paragraph, that being that "[a]s a result of Defendants' violation of the FLSA." As to the remaining portion of this Paragraph, it is not a factual statement and, therefore, does not require a response from Defendants. Rather, it is a summary of what Plaintiff is seeking

in this matter.

8.     Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.   Any remaining factual allegations of this Paragraph are denied.

9.     Defendants admit that venue is proper in this district and admit that The Cheetah is located in this district.   Any remaining factual allegations of this Paragraph are denied.

10.     Defendants admit only that Plaintiff worked at The Cheetah as an entertainer from August of 2015 through October 29, 2017 and from January 2, 2018 through August 20, 2018. Any remaining allegations of this Paragraph are denied.

11.     Defendants deny this Paragraph. By way of further response, Plaintiff failed to attach any verification and failed to serve her consent to sue with the Complaint.

12.     Defendants admit only that Plaintiff worked at The Cheetah as an entertainer from August of 2015 through October 29, 2017 and from January 2, 2018 through August 20, 2018. Any remaining allegations of this Paragraph are denied.

13.     Defendants admit the first and third sentences of this Paragraph.   Defendants

deny the second sentence of this Paragraph.

14.   Defendants admit the first sentence of this Paragraph.  Defendants deny all remaining allegations of this Paragraph.

15.   Defendants admit only that Plaintiff worked at The Cheetah as an entertainer from August of 2015 through October 29, 2017 and from January 2, 2018 through August 20, 2018. Any remaining allegations of this Paragraph are denied.

16.   Defendants deny this Paragraph.  Further, Defendants can neither admit nor deny this allegation to the extent it is in quotation marks but is not attributed to a source.

17.   Defendants deny this allegation as worded.  By way of further response, Defendants admit that certain entertainers may perform table dances and/or entertain customers in VIP areas on a half-hour or hourly basis.

18.   Defendants can neither admit nor deny this allegation to the extent it is in quotation marks but is not attributed to a source.  However, subject to same, Defendants admit that certain entertainers dance on stage, perform table dances, and/or entertain customers in VIP rooms while nude or semi-nude.

19.   Defendants admit that from 2001 until April 2016, entertainers were classified as independent contractors. Defendants deny the allegations set forth in

footnote 1 to Paragraph 19.

20.  Defendants admit that Plaintiff worked for The Cheetah prior to April 9, 2016. Defendants deny that Plaintiff was misclassified. *Defendants object to and deny the shorthand label of "Misclassified Plaintiff," which is an unidentified term in the Complaint, but which, presumably refers to Plaintiff. Such objection is hereby incorporated by this reference into each of the following Paragraphs that also use such label.*

21.  Defendants deny this Paragraph. *Defendants object to and deny the shorthand label of "Misclassified Plaintiff," which is an unidentified term in the Complaint, but which, presumably refers to Plaintiff. Such objection is hereby incorporated by this reference into each of the following Paragraphs that also use such label.*

22.  Defendants deny this Paragraph.

23.  Defendants deny this Paragraph.

24.  Defendants deny this Paragraph. By way of further response, once hired, Plaintiff chose the days that she would work each week and was expected to do so until she asked to change those days.

25.  Defendants deny this Paragraph.

26.  Defendants admit, in part, this Paragraph and deny, in part, this Paragraph.

27.    Defendants deny this Paragraph.

28.    Defendants deny this Paragraph.

29.    Defendants deny this Paragraph.

30.    Defendants admit only that Plaintiff was to dance on stage during stage rotations unless she was already entertaining a customer in VIP, which she had the sole discretion to do. Defendants deny the remaining allegations of this Paragraph.

31.    Defendants admit only that Plaintiff was to dance on stage during stage rotations unless she was already entertaining a customer in VIP, which she had the sole discretion to do. Defendants admit the factual allegations of the first sentence of footnote 2 as it relates to the period of time before reclassification.  Subsequent to that time, entertainers clocked in.  Defendants admit the second and third sentences of footnote 2. Defendants deny the remaining allegations of this Paragraph.

32.    Defendants deny this Paragraph.

33.    Defendants deny this Paragraph as worded. By way of further response, at certain times years ago, entertainers participated in a walkout unless they were already entertaining a customer in VIP, which the entertainers had the sole discretion to do. The walkouts ended several years ago, before the applicable

statute of limitations in this matter.

34.   Defendants deny this Paragraph as worded. By way of further response, at certain times years ago, entertainers participated in a walkout unless they were already entertaining a customer in VIP, which the entertainers had the sole discretion to do. The walkouts ended several years ago, before the applicable statute of limitations in this matter.

35.   Defendants deny this Paragraph as worded. By way of further response, at certain times years ago, entertainers participated in a walkout unless they were already entertaining a customer in VIP, which the entertainers had the sole discretion to do. The walkouts ended several years ago, before the applicable statute of limitations in this matter.

36.   Defendants deny this Paragraph.

37.   Defendants deny this Paragraph as worded. By way of further response, Defendants state that this language appears to be taken from the Night Shift Entertainer Orientation & Guidelines, which is not a Cheetah policy and which, regardless, speaks for itself.

38.   Defendants deny this Paragraph.  By way of further response, Defendants state that this language appears to be taken from the Night Shift Entertainer Orientation & Guidelines, which is not a Cheetah policy and which,

regardless, speaks for itself.

39.   Defendants deny this Paragraph.  By way of further response, Defendants state that this language appears to be taken from the Night Shift Entertainer Orientation & Guidelines, which is not a Cheetah policy and which, regardless, speaks for itself.

40.   Defendants deny this Paragraph.  By way of further response, Defendants state that this language appears to be taken from the Night Shift Entertainer Orientation & Guidelines, which is not a Cheetah policy and which, regardless, speaks for itself.

41.   Defendants deny this Paragraph.

42.   Defendants admit that The Cheetah or Braglia could fire or suspend an entertainer for non-compliance with its rules. The remaining allegations are denied.

43.   Defendants admit that The Cheetah or Braglia could fire or suspend an entertainer for non-compliance with its rules. The remaining allegations are denied.

44.   Defendants deny this Paragraph.

45.   Defendants deny this Paragraph.

46.   Defendants deny this Paragraph.

47.     Defendants deny this Paragraph.

48.     Defendants deny this Paragraph.

49.     Defendants deny this Paragraph.

50.     Defendants admit that entertainers were allowed to choose their own costumes.  Defendants deny all remaining allegations of this Paragraph.

51.     Defendants deny this Paragraph.

52.     Defendants admit this Paragraph.

53.     Defendants admit that The Cheetah paid for the building used by The Cheetah, maintenance of the facility, the sound system, stages, lights, food, beverage and inventory used at the facility; otherwise denied as to Braglia.

54.     Defendants admit this Paragraph.

55.     Defendants deny this Paragraph.

56.     Defendants admit the second sentence of this Paragraph.  Defendants can neither admit nor deny the first or third sentences of this Paragraph which call for speculation and conjecture.

57.     Defendants can neither admit nor deny this Paragraph as worded.  It calls for speculation and conjecture.

58.     Defendants can neither admit nor deny this Paragraph as worded.  It is unclear what the phrase "no managerial skill of others" means.

59.     Defendants deny this Paragraph.

60.     Defendants admit this Paragraph.

61.     Defendants deny this Paragraph.

62.     Defendants admit that the process of hiring an entertainer includes an audition before Braglia or a house mom.  Defendants deny all remaining allegations of this Paragraph.

63.     Defendants admit that the process of hiring an entertainer includes an audition before Braglia or a house mom.  Defendants deny all remaining allegations of this Paragraph.

64.     Defendants admit this Paragraph.

65.     Defendants deny this Paragraph.

66.     Defendants can neither admit nor deny this Paragraph regarding Plaintiff's prior dance training or experience.

67.     Defendants deny this Paragraph.

68.     Defendants deny this Paragraph as worded.  Defendants admit only that certain of the Plaintiffs may have received tips and gratuities from The Cheetah's customers.

69.     Defendants admit only that tips and gratuities may have been paid directly to certain of the Plaintiffs by The Cheetah's customers.  Otherwise, Defendants

deny all remaining allegations of this Paragraph.

70.   Defendants deny this Paragraph as worded.

71.   Defendants deny this Paragraph.

72.   Defendants deny this Paragraph.

73.   Defendants deny this Paragraph.

74.   Defendants deny this Paragraph.

75.   Defendants deny this Paragraph.

76.   Defendants deny this Paragraph.

77.   Defendants deny this Paragraph.

78.   Defendants deny this Paragraph.

79.   Defendants deny this Paragraph.

80.   Defendants admit only that The Cheetah has in the past occasionally requested entertainers to attend a group meeting at The Cheetah; however, Defendants deny that any such meetings have occurred in the past three (3) years from April 4, 2016 to present, and, as such, any claims based on same are barred by the applicable statute of limitations.

81.   Defendants deny this Paragraph.

82.   Defendants deny this Paragraph.

83.   Defendants deny this Paragraph.

84.   Defendants deny this Paragraph.

85.   Defendants deny this Paragraph.

86.   Defendants deny this Paragraph.

87.   Defendants admit only that certain other entertainers have previously brought arbitration proceedings against Defendants and that the following lawsuits have been filed for alleged violations of the FLSA in the matters styled as follows:   Valente, *et al.* v. International Follies, Inc. d/b/a The Cheetah, Northern District of Georgia, Atlanta Division, Case No. 1:15-cv-02477-ELR; Crittendon, et al. v. International Follies, Inc. d/b/a The Cheetah, *et al.*, Northern District of Georgia, Atlanta Division, Case No. 1:18-cv-02185-ELR, Crittendon, *et al.* v. International Follies, Inc. d/b/a The Cheetah, *et al.*; Northern District of Georgia, Atlanta Division, Case No. 1:18-cv-03723-ELR; Washington v. International Follies, Inc. d/b/a The Cheetah, et al., Northern District of Georgia, Atlanta Division, Case No. 1:18-cv-03951-ELR; and Mays v.  International Follies, Inc. d/b/a The Cheetah, Northern District of Georgia, Atlanta Division, Case No. 1:19-cv-01152-ELR.

88.   Defendants deny this Paragraph.

89.   Defendants deny this Paragraph.

90.   Defendants deny this Paragraph.

91.   Defendants deny this Paragraph.

92.   Defendants deny this Paragraph.

93.   Defendants deny this Paragraph.

94.   Defendants admit that its entertainers have been classified as employees under the FLSA since April 2016. By way of further response, Defendants state that Plaintiff filled out an employee packet, including, *to wit,* Employee Arbitration Agreement, I-9, W-4, G-4, Notice of Tip Credit – Tip Pool Entertainers, Acknowledgement of Receipt of Entertainer Employee Policies and Attachments on or about April 6, 2016, a true and correct copy of which is attached hereto as **Exhibit 1**.  Plaintiff also clocked in and worked her first shift as an employee on or about April 4, 2016.

95.   Defendants admit that The Cheetah began paying entertainers a wage of $2.13 per hour for each hour on the clock and used a tip credit to make up the difference between the hourly wage and the minimum wage under the tip credit provisions of the FLSA; otherwise denied as to Braglia.

96.   Defendants admit only that the primary duty of an entertainer after reclassification was to entertain customers.

97.   Defendants admit only that entertainers typically work three (3) shifts per week.  Otherwise, Defendants can neither admit nor deny this Paragraph.

98.   Defendants admit only that entertainers typically work either day shifts or night shifts.   Otherwise, Defendants can neither admit nor deny this Paragraph.

99.   Defendants deny this Paragraph.

100.   Defendants deny this Paragraph.

101.   Defendants deny this Paragraph.

102.   Defendants deny this Paragraph. Further, Defendants can neither admit nor deny this allegation to the extent it is in quotation marks but is not attributed to a source

103.   Defendants deny this Paragraph.

104.   Defendants deny this Paragraph.

105.   Defendants deny this Paragraph.

106.   Defendants deny this Paragraph.

107.   Defendants admit only that entertainers had to breathalyze at the end of their shifts.  Otherwise, Defendants deny the allegations of this Paragraph.

108.   Defendants deny this Paragraph.

109.   Defendants deny this Paragraph.

110.   Defendants deny this Paragraph.

111.   Defendants deny this Paragraph.

112.   Defendants deny this Paragraph.

113.   Defendants deny this Paragraph.

114.   Defendants deny this Paragraph.

115.   Defendants admit that, after The Cheetah classified the entertainers as employees, it required them to contribute ten percent (10%) of their tips to a tip pool; otherwise denied as to Braglia.

116.   Defendants deny this Paragraph.

117.   Defendants deny this Paragraph.

118.   Defendants deny this Paragraph.

119.   Defendants deny this Paragraph.

120.   Defendants deny this Paragraph.

121.   Defendants deny this Paragraph.

122.   Defendants deny this Paragraph.

123.   Defendants deny this Paragraph.

124.   Defendants deny this Paragraph.

125.   Defendants deny this Paragraph.

126.   Defendants deny this Paragraph.

127.   Defendants deny this Paragraph.

128.   Defendants deny this Paragraph.

129.  Defendants deny this Paragraph.

130.  Defendants admit only that, since reclassification in April 2016, The Cheetah
      has been an "employer" of Plaintiff.  All other allegations of this Paragraph
      are denied.

131.  Defendants only admit that The Cheetah is engaged in "commerce."
      Defendants deny all remaining allegations of this Paragraph.

132.  Defendants admit only that The Cheetah "operate[s] an enterprise engaged in
      commerce."  Defendants deny all remaining allegations of this Paragraph.

133.  This statement is not a factual allegation.  As such, a response from
      Defendants is not required.  Moreover, the Complaint is not verified.  By way
      of further response, Plaintiff failed to serve her consent to sue with the
      Complaint.

134.  Defendants deny this Paragraph. By way of further response, Plaintiff failed
      to serve her consent to sue with the Complaint.

135.  Defendants deny this Paragraph.

136.  Defendants deny this Paragraph.

137.  Defendants deny this Paragraph.

138.  Defendants deny this Paragraph.

139.  Defendants admit only that, since reclassification in April 2016, The Cheetah

has been an "employer" of Plaintiff.  All other allegations of this Paragraph are denied.

140.  Defendants admit only that The Cheetah is engaged in "commerce." Defendants deny all remaining allegations of this Paragraph.

141.  Defendants admit only that The Cheetah "operate[s] an enterprise engaged in commerce."  Defendants deny all remaining allegations of this Paragraph.

142.  This statement is not a factual allegation.  As such, a response from Defendants is not required.  Moreover, the Complaint is not verified, and Plaintiff failed to serve her consent to sue with the Complaint.

143.  Defendants deny this Paragraph. By way of further response, Plaintiff failed to serve her consent to sue with the Complaint.

144.  Defendants deny this Paragraph.

145.  Defendants deny this Paragraph.

146.  Defendants deny this Paragraph.

147.  Defendants deny this Paragraph.

148.  Defendants repeat and re-allege the responses to the allegations in the preceding paragraphs of this Complaint and incorporate the same herein by this specific reference.

149.  Defendants admit only that, since reclassification in April 2016, The Cheetah

has been an "employer" of Plaintiff.  All other allegations of this Paragraph are denied.

150.   Defendants admit only that The Cheetah is engaged in "commerce." Otherwise, all remaining allegations of this Paragraph are denied.

151.   Defendants admit only that The Cheetah "operate[s] an enterprise engaged in commerce."   Otherwise, all remaining allegations of this Paragraph are denied.

152.   This is not a factual allegation but, rather, a purported statement of law.  As such, a response from Defendants is not required.

153.   Defendants deny this Paragraph.

154.   Defendants deny this Paragraph.

"WHEREFORE CLAUSE."   Defendants dispute and deny any and all factual allegations set forth in the Wherefore Clause and dispute and deny that Plaintiff is entitled to any of the relief therein sought.

## Eighteenth Defense

Defendants deny each and every allegation of each and every paragraph of the Complaint except those specifically admitted herein.

This 1st day of October, 2020.

*/s/ Andrea L. Pawlak*
Kevin L. Ward, Georgia Bar No. 737020

- 21 -

Andrea L. Pawlak, Georgia Bar No. 142541
Ida Sassani, Georgia Bar No. 755953
SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, N.W., Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)
k.ward@swtwlaw.com
a.pawlak@swtwlaw.com
i.sassani@swtwlaw.com
***Counsel for Defendant International Follies, Inc.
d/b/a the Cheetah and Jack Braglia***

## <u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

I hereby certify that this filing complies with the requirements of Local Rule 5.1C (Times New Roman, 14 point) and that I have this day served a copy of the within and foregoing *DEFENDANTS' FIRST AMENDED ANSWER & AFFIRMATIVE DEFENSES* upon counsel of record by CM/ECF which will cause a copy to be served electronically upon all counsel of record.

So certified this 1st day of October, 2020.

> */s/ Andrea L. Pawlak*
> Andrea L. Pawlak, Georgia Bar No. 142541
> SCHULTEN WARD TURNER & WEISS, LLP
> 260 Peachtree Street, N.W., Suite 2700
> Atlanta, Georgia 30303
> 404-688-6800 (Phone)
> 404-688-6840 (Fax)
> a.pawlak@swtwlaw.com