IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMANDA DUREN,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL FOLLIES, INC., *et al.*,<br><br>Defendants. | CIVIL ACTION FILE NO.<br>1:19-cv-01512-ELR |

**DEFENDANTS' RESPONSE TO MOTION TO ENFORCE AND APPROVE FLSA SETTLEMENT [DOC. 177] AND CROSS-MOTION TO ENFORCE AND APPROVE SETTLEMENT AGREEMENT**

COME NOW, Defendants International Follies, Inc. d/b/a Cheetah and Jack Braglia ("Defendants"), by and through their undersigned counsel, and hereby file this Response to Motion to Enforce and Approve FLSA Settlement [Doc. 98] and Cross-Motion to Enforce and Approve Settlement Agreement, respectfully showing this Honorable Court the following:

**Procedural Background**

This Fair Labor Standards Act ("FLSA") case has been pending for nearly three (3) years, having been filed on April 4, 2019 [Doc. 1].

On July 12, 2021, the Court granted, in part, and denied, in part, Defendants'

Renewed Motion for Summary Judgment. Order [Doc. 169].

Later on July 12, 2021, the case was ordered to a (global) mediation before Magistrate Judge Regina D. Cannon [Doc. 170]. That mediation was scheduled for August 26, 2021. [Doc. 171]. The mediation was not successful but was continued to September 2, 2021.

During mediation on September 2, 2021, and as reported by Magistrate Judge Regina D. Cannon in her Minute Sheet [Doc. 175], "[t]he parties reached a settlement agreement" at the mediation.

On December 8, 2021 [Doc. 177], Plaintiff moved to enforce and for approval of a Settlement Agreement ("Plaintiff's Version"), contending that it reflected all material terms reached by the Parties. That was false, as set forth herein.

**Specifically and significantly, Plaintiff's allegation that "Defendants would not admit liability for any purpose other than an award of attorneys' fees, expenses and costs," Motion, p. 4, is false inasmuch as a material term of the settlement was the absolute provision that: "Defendants would not admit liability for any purpose." There was no exception to that term.**

The version of the Settlement Agreement which Defendants seek to enforce is attached hereto and incorporated herein as **Exhibit A** ("Defendants' Version"). The differences between Plaintiff's Version and Defendants' Version appear in the

2

sections regarding: (1) releases (only slight differences regarding triggering of releases based on execution or Court approval of this Agreement for *both* parties[1]) and (2) the no admission of liability provision.

## Facts Regarding Settlement Terms

1.  Prior to the mediation scheduled for August 26, 2021, counsel for Defendants provided a written (global) counteroffer to Plaintiff's counsel via email. The email was explicit that an additional material term was: "Defendants will not/do not admit liability." See Affidavit of Andrea L. Pawlak, Esq. ("Pawlak Declaration"), attached hereto as **Exhibit B**, at Ex. 1. The same email was provided (along with individual spreadsheets for each Plaintiff) during the first mediation before Judge Cannon on August 26, 2021. Id. at Ex. 2 (without spreadsheets).

2.  During mediation on September 2, 2021, counsel exchanged emails regarding the language insisted upon by Plaintiff's counsel regarding her alleged "prevailing party" status as to claims on which summary judgment was not granted against Plaintiff. True and correct copies of those emails are attached to the Pawlak Declaration as Ex. 3 (collective).

3.  Plaintiff's counsel drafted the Settlement Agreement and provided it to

---

[1] Plaintiff's Version has this Court's approval triggering a release of Plaintiff but only execution by Plaintiff triggering a release of Defendants.

3

Defendants' counsel for review. Defendants' counsel provided her initial redlines on September 23, 2021. See Pawlak Declaration, Ex. 4. The redlines included removing "carve out" language from the no admission of liability provision.

4. On October 1, 2021, Plaintiff's counsel emailed Defendants' counsel regarding these two issues, and Plaintiff's counsel again inserted an exception to the no admission of liability provision, to, he contended, "merely protect[] our right to assert that we are a prevailing party for the purposes identified in the Agreement." Pawlak Declaration, Ex. 5 (email chain).

5. Defendants' counsel responded that day (October 1, 2021) that Defendants would not agree to an exception in the "No Admission of Liability" provision. She further stated:

> **The agreement at mediation was that there were no admissions of liability, period. That was not limited in any way.** This is, in fact, exactly what we did when we settled the misclassification claims but reserved the tip pool claims. In each of those prior agreements, there was a "No Admission of Liability" paragraph that did <u>not</u> include the preface of "Except as contained in this Agreement." Furthermore, the fact that the issue of attorney fees is being reserved is not an admission of liability. Your attorney fees language was emailed to me during mediation, and my client agreed to it. That is what the agreement was and what the settlement agreement should say. Not an admission of liability about attorney fees or anything else."

Id. (emphasis added).

6. Plaintiff's counsel responded on October 4, 2021, again asking for an

4

exception to the "no admission of liability" provision, which Defendants' counsel immediately declined. Id.

7.      Plaintiff's counsel emailed on October 8, 2021 asking for Defendants' "latest edits of the settlement agreement." Id. At that time, Plaintiff did not raise any further issues regarding the "no admission of liability" provision.

8.      In response, on October 11, 2021, Defendants' counsel provided the "final Settlement Agreement" which accepted "most of" Plaintiff's redlines and added "a release of Plaintiff that tracks the release language of Defendants in Para. 8." Defendants' counsel requested that Plaintiff's counsel "conform the other agreements" and clarified that "[r]eview of the settlement amount is *pending* until I see all the agreements; just want to confirm the total." Id.

9.      On November 15, 2021, Defendants' counsel forwarded her previous (October 11, 2021) email and attachment stating as follows:

>     This is the Agreement that my clients have agreed to and are willing to sign, provided that the Agreements are all conformed.
>
>     **As to the "No Admission of Liability" paragraph, my clients will not sign an Agreement that contains any exception clause to that paragraph. No admission of liability was an express and material term – as announced at the conclusion of mediation.**
>
>     . . .
>
>     Again, if you conform the attached for each Plaintiff, I will have my clients execute right away. We, too, would like to bring this to conclusion,

5

> but the continued request – which has already been rejected multiple times – that my clients concede liability on any point is not going to happen.

Id. (emphasis added).

10. On November 18, 2021, *Plaintiff's counsel responded*, in part, that:

> **At mediation, the parties agreed to the following basic terms of settlement:**
>
> 1. the amount to be paid Plaintiff exclusive of fees ($12,898);
>
> 2. the time of payment (within 5 days of Court approval);
>
> 3. that the Court would determine fees by motion with a briefing schedule;
>
> 4. that "Plaintiff is a prevailing party for purposes of 29 U.S.C. Sec. 216, except as to the claims decided against her on summary judgment. Defendants reserve all objections to the reasonableness of the fees, expenses and costs sought by Plaintiffs";
>
> 5. a mutual release of each other; and
>
> **6. Defendants would not admit liability.**

Id. (emphasis added). Despite acknowledging No. 6 in his own email, Plaintiff's counsel, nonetheless, prepared a proposed stipulation in contrast to the "no admission of liability language" and, remarkably, instructed Defendants' counsel to "add to this . . . as long as Defendants do not continue to insist on Plaintiff agreeing that Defendant is not liable." Id.

11. In response, Defendants' counsel declined to discuss an alternative

6

stipulation instead of the Settlement Agreement. As to the "no admission of liability" provisions, she further stated:

> **As to point #6 below, you are correct, it was a material term of settlement that "Defendants would not admit liability." Yet, your repeated redlines continue to demand a carve out, and Defendants will not agree to that, as I have said repeatedly now.** I am happy to take that issue to Judge Ross.
>
> **Again, Defendants will sign the version of the agreement that I emailed to you on 10/11/2021 and again on 11/15/2021.** If you continue to insist on a carve out of #6 below, despite your own acknowledgment that #6 was a material term, the parties can file their respective motions to enforce the settlements in each of the matters.

Id. (emphasis added).

12. In response, Plaintiff's counsel continued to propose language with carve outs to the "no admission of liability" provision. Plaintiff's first "alternative" language was a summary of each side's contention regarding same, and the second "alternative" continued to include the previously rejected exception language.

## Argument and Citation to Authority

This Court should enter and enforce the Defendants' Version of the Settlement Agreement which reflects the material terms of settlement reached by the Parties. Defendants agree that this Court has the power and authority to enforce the Settlement Agreement and agree that this Court should approve the settlement pursuant to the FLSA.

Defendants do not dispute the agreed-upon "prevailing party" language, but

7

for months after reaching settlement terms at mediation, Plaintiff attempted to carve out an exception to the "no admission of liability" provision, which is material and critical to The Cheetah, which, as the Court knows, has been faced with repeated litigation under the FLSA and has prevailed on many of the claims against it during the latest round of lawsuits. Indeed, Defendants prevailed on all tip credit and tip pool claims (other than involving Bob Johnson) in both the *Crittendon* and *Duren* matters. Only in *Washington* did certain claims survive summary judgment (although many issues were limited further during motions in limine). Indeed, as the Court is also aware, Plaintiff's counsel has previously sought to use non-mutual collateral estoppel arguments against The Cheetah, which is anticipated again in the event of any exception or carve out to the "no admission of liability" provision. See, e.g., *Washington*, Plaintiff's Initial Disclosures [Doc. 12], p. 10 (Attachment A-Witness List-Jack Braglia); *Washington*, Plaintiff's Response to Defendants' Motion *In Limine* to Exclude Evidence of Other Litigation, Arbitrations, and/or Settlements [Doc. 63], p. 4; *Crittendon*, Answer to Counterclaims [Doc. 13], Thirteenth Defense; *Crittendon*, Plaintiffs' Initial Disclosures [Doc. 19-1], at p. 3 (Section C(iii)); *Crittendon*, Joint Preliminary Report and Discovery Plan [Doc. 28], p. 7 (Section (c)(iv)). In a pending matter against The Cheetah, Ms. Pawlak has already been advised by counsel for the plaintiff that he has consulted with Mr.

8

Dudley about the latest claims. Pawlak Declaration, ¶ 16.

**It is untenable that Defendants would *now* admit liability for any purposes whatsoever (including regarding attorney fees and expenses), and they did not do so.**

Of note, even Plaintiff argues in her motion to enforce that "the parties dispute liability and damages. . . .Defendants believe the tip pool was lawful because the manager did not qualify as an employer under the FLSA. Both parties believe their legal positions are strong. However, they disagree on the likelihood of Plaintiff's success at trial." Plaintiff's Motion, p. 14; see also id. at pp. 7, 12, Similarly, Plaintiff submits that: "her counsel . . . has concluded that Plaintiff's settlement with Defendants is . . . an adequate compromise of a bona fide dispute between the parties as to liability and damages." Id. at p. 15.

Further, Defendants need not "admit liability" on any issue for Plaintiff to be a "prevailing party" on an issue under the FLSA. The two are not mutually exclusive, and Defendants' non-admission of liability does not bar Plaintiff's ability to seek attorney fees under the FLSA. (That is, for example, precisely what happens where a court rules on a motion, or the matter is tried to a jury. In such instances, a plaintiff may prevail without a defendant having admitted liability.) Significantly, Plaintiff had the opportunity to specify exactly what language she insisted on in the

9

Settlement Agreement as to the "prevailing party" language and notably missing from same is any demand for an admission of liability or an exception to the "no admission of liability" provision. See Pawlak Declaration, Ex. 3. That omission demonstrates clearly that the "exception" to the "no admission of liability" that Plaintiff insists upon now was not a term, material or otherwise, of the Settlement Agreement.

The lone issues are the triggering of the "releases"[2] and the "no admission of liability" provision. Defendants submit that the Court should approve the Settlement Agreement using Defendants' Version. While Defendants do not concede all points or issues raised by Plaintiff with respect to the approval of the parties' settlement, Defendants do agree that the Court should approve Defendants' Version of the Settlement Agreement pursuant to the FLSA.

**WHEREFORE,** Defendants respectfully requests that this Court DENY Plaintiff's Motion and GRANT this Cross-Motion.

Defendants request that this Court (1) ENTER AND APPROVE Defendants' Version of the Settlement Agreement, (2) ORDER Plaintiff to sign the Defendants'

---

[2] See note 1 above. The Flynn Declaration, Plaintiff's Motion, Ex. 1, ¶ 4(e) states that "the Parties would mutually release each other from all claims of any kind, except attorney's fees, expenses and costs to be determined by the Court." The language of the Dudley Declaration is slightly, but significantly, different. Plaintiff's Motion, Ex. 2, ¶ 9(f).

10

Version of the Settlement Agreement, and (3) GRANT Defendants such other and further relief as is fair and just.

Respectfully submitted this 20th day of December, 2021.

                        **SCHULTEN WARD TURNER & WEISS, LLP**

                        */s/ Andrea L. Pawlak*
                        Andrea L. Pawlak, Georgia Bar No. 142541
                        ***Counsel for Defendants***

Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)
a.pawlak@swtwlaw.com

11

# CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that this filing complies with the requirements of Local Rule 5.1C (Times New Roman, 14 point) and that I have this day served a copy of the above and foregoing **DEFENDANTS' RESPONSE TO MOTION TO ENFORCE AND APPROVE FLSA SETTLEMENT [DOC. 177] AND CROSS-MOTION TO ENFORCE AND APPROVE SETTLEMENT AGREEMENT** upon counsel of record by CM/ECF which will cause a copy to be served electronically upon the following:

| | |
|---|---|
| Ainsworth G. Dudley<br>Dudley Law, LLC<br>4200 Northside Parkway<br>Bldg. 1, Suite 200<br>Atlanta, Georgia 30327<br>adudleylaw@gmail.com | Jonah A. Flynn<br>4200 Northside Parkway<br>Bldg. 1, Suite 200<br>Atlanta, Georgia 30327<br>jflynn@flynnfirm.com |

So certified this 20th day of December, 2021.

                                        **SCHULTEN WARD TURNER & WEISS, LLP**

                                        */s/ Andrea L. Pawlak*
                                        Andrea L. Pawlak, Georgia Bar No. 142541
                                        ***Counsel for Defendants***

Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)
a.pawlak@swtwlaw.com